IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 19 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| MARK RICE d/b/a ) | |
| GAMES TO REMEMBER ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| ) | |
| v. ) | FILE |
| ) | 1:12-CV-0181 -JEC |
| ) | |
| New Image Group LLC ) | DEMAND FOR |
| ) | JURY TRIAL |
| ) | |
| ) | |
| ) | |
| Defendant ) | |

## PLAINTIFF'S COMPLAINT

Mark Rice, d/b/a Games To Remember ("Rice"), Plaintiff, hereby files this Complaint against Defendant New Image Group LLC ("New Image"), and respectfully shows the Court as follows:

## JURISDICTION

**1.**

This action is founded on diversity of citizenship jurisdiction, 28 U.S.C. 1332, 1392 (c). The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**2.**

This is an action for infringement of rights granted under the Federal Trademark Act of 1946 (15 USC 1051 et seq.). Specifically, the action arises under Section 32(1) of the Act (15 USC 1114 (1) ), and seeks relief under the Section and under Sections 34 and 35 of the Act (15 USC 1116, 1117).

**3.**

This Court has jurisdiction pursuant to Section 39 of the Act (15 USC 1121) and pursuant to 28 USC 1338 (a)(b), in that this is an action arising out of the Lanham Act, 15 U.S.C. 1051-1127.

## PARTIES

**4.**

Plaintiff Mark Rice d/b/a Games To Remember ("Rice") is a sole proprietor and resides at 114 Rockingham Way, Unit 5786, Ellijay, Georgia, 30540.

**5.**

New Image Group LLC is a corporation duly organized and existing under the laws of the State of South Carolina, with its principal place of business in Union, South Carolina. New Image is in the business of designing, manufacturing, and marketing of gift related products "for clients anywhere in the United States", and New Image uses the Internet to advertise continuously their products and services to potential customers in Georgia, as well as in other states. New Image does business in the State of Georgia and has caused injury in the State of Georgia; and the claims asserted herein arise from New Image transacting business in the State of Georgia. New Image may be served with process at their registered agent, Patrick Studley, 1971 Legrand Road, Columbia, South Carolina 29223.

## STATEMENT OF FACTS

**6.**

Rice is engaged in the production of board games, card games and accessories. The "Zoo Pals" mark has been in exclusive and continuous use by Rice, on the "Zoo Pals" parlor game and related products since at least 2002.

**7.**

Rice filed an application with the United States Patent and Trademark Office ("USPTO") for the mark "Zoo Pals®" for classification 028, and Rice was granted Registration No. 4066631 for the trademark "Zoo Pals®".

Rice is the owner of the trademark "Zoo Pals" and this registration is valid, subsisting and un- canceled.

**8.**

In accordance with the provisions of 15 USC 1111, Rice's trademark, as displayed on Rice's parlor games, card games and accessories, is accompanied by the letter ® enclosed within a circle to provide notice that the trademark has been registered.

**9.**

Rice has built his image and product line on the foundation of board games, card games, and accessories with "Zoo Pals".

**10.**

Rice has sold "Zoo Pals" games to specialty stores nationwide and a variety of mass market retailers.

**11.**

Since January 22, 2002, Rice has been the manufacturer of "Zoo Pals®" products. Since, on or about January 22, 2002, the products have been sold under the trademark "Zoo Pals®". The goodwill associated with it are of considerable value to Plaintiff.

**12.**

Rice was the first person to use the trademark "Zoo Pals®" or any trademark similar to it, in association with parlor games, card games, and accessories under the classification 028, otherwise known as "games and playthings". As a result of the continued sale by Rice of products under the trademark "Zoo Pals®" since on or about January 22, 2002,

the trademark has become widely known and Rice has become identified in the public mind as the manufacturer of the products to which it is applied.

**13.**

As a result of the long experience, care and skill of Rice in producing products under the trademark "Zoo Pals®", it has not only become widely known, but has also acquired a reputation for excellence.

**14.**

Plaintiff has built up and now has valuable good will connected with its business, and this good will is symbolized by Rice's trademark.

**15.**

Rice has widely advertised and promoted in interstate commerce its products, identified by the above-mentioned trademark, expending substantial sums in such advertising and promotion. Among other things, Plaintiff uses the "Zoo Pals" Mark to advertise and market its product over the internet.

**16.**

On or about some date in 2011, the defendant New Image began selling an activity kit "Zoo Pals" to retailers and customers nationwide.

**17.**

In 2011, long after the adoption and widespread use of the trademark by Rice, and long after the trademark had been registered in the United States Patent and Trademark Office, the defendant New Image with intentional disregard of plaintiff's rights, began the manufacture, distribution and sale in interstate commerce of the activity kit under the name that is exact to that of Rice's, namely, "Zoo Pals".

**18.**

By the use of the name "Zoo Pals", the defendant New Image is misleading the public into believing that Defendant's product is manufactured by Rice, thereby depriving Rice of the benefit of the good will attached to Rice's product.

**19.**

The use of the mark "Zoo Pals" by the defendant New Image is likely to induce persons to buy, use and recommend the defendant's products when instead they intend to buy, use, and recommend Rice's products. Such deception and mistake will cause great damage to Rice and erode the good will that Rice has developed.

**20.**

In selecting and using the word "Zoo Pals" in connection with the sale, offering for sale, distribution, advertising, and promotion of activity kits, the defendant New Image has acted and is acting with the purposes of taking the benefit of the favorable reputation and valuable good will which Rice has established in his trademark, and causing the products and business of the defendant New Image to be palmed off as made, authorized, sponsored, or endorsed by or otherwise connected with Rice.

**21.**

Rice is informed and believes, and based on such information and belief alleges, that the use by the defendant New Image of Rice's trademark was, and is, deliberate, and that the defendant New Image have used and continue to use Rice's trademark for the purpose of giving the defendant's products consumer appeal and salability, by usurping Rice's own reputation and good will, which the defendant otherwise would not have.

**22.**

The defendant New Image's use of the above name "Zoo Pals" on its products is likely to deceive purchasers as to the source of the defendant's

goods, in that the trade and the public are likely to believe that the goods sold by the defendant originate with Rice or with a business which has a legitimate connection with Rice.

### 23.

The defendant New Image's use of "Zoo Pals" on activity kits constitutes infringement of Rice's trademark.

### 24.

As a result of the infringement of Rice's trademark, Rice has been damaged in the amount of the profits realized by the defendant New Image from the sale of the activity kits under the name "Zoo Pals".

### 25.

On December 12, 2011, Rice notified the defendant New Image in writing that the defendant New Image was infringing on Rice's trademark, and demanded that the defendant New Image cease using the trademark "Zoo Pals" in association with activity kits. Despite Rice's written demand that the defendant New Image discontinue use of the imitation of Rice's trademark "Zoo Pals", the defendant has refused to comply with this request; at present, the defendant New Image continues to use the imitation of Rice's trademark in the marketing of activity kits.

**26.**

Defendant continues to manufacture, sell, and market related activity kits to benefit from the unauthorized use of Plaintiff's "Zoo Pals" Mark.

**27.**

This action arises under the Trademark Act of 1946 (15 USC 1051 et seq.), and particularly under Sections 32, 34, and 35 of the Act (15 USC 1114, 1116, 1117), as more fully appears in this complaint.

**28.**

The acts of the defendant New Image constitutes unfair competition and an infringement of Rice's common-law rights in the mark "Zoo Pals".

**29.**

The exact amount of profits made by the defendant New Image is a result of Defendant's infringement of Rice's trademark is unknown to Rice and cannot be ascertained without an accounting.

**30.**

The infringement by the defendant New Image of Rice's trademark, as described above, is causing irreparable injury to Rice's trade, business reputation and good will. The infringement by the defendant New Image of Rice's trademark will continue to cause injury and expense to Rice unless

the defendant New Image is restrained by order of this Court from further infringement of Rice's trademark.

**31.**

On information and belief, Rice alleges that the defendant New Image intends to continue and expand the uses of the name "Zoo Pals" and derivative names using "Zoo Pals" in the United States.

**32.**

Rice has been seriously damaged by the defendant New Image's activities complained of herein, and unless the defendant's activities complained of herein are preliminarily and permanently enjoined, Rice and its good will and reputation will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated or compensated in money damages.

**33.**

Unless the injunction sought in this action is granted, the defendant New Image will continue to infringe on Rice's trademark and cause irreparable injury to Rice from loss of profits and deprivation of the benefit of the good will that is attached to Rice's trademark.

**34.**

Rice has no plain, speedy or adequate remedy at law.

## COUNT I TRADEMARK

## INFRIGEMENT

Paragraphs 1 through 34 are incorporated herein by reference as though fully set forth here.

### 35.

Upon information and belief, Defendant has unlawfully used marks that are confusingly similar and identical to the "Zoo Pals" Mark and such use constitutes trademark infringement in violation of the Federal Trademark Act of 1946, specifically 15 USC 1114 (1).

### 36.

As a result of Defendant's wrongful acts, Plaintiff is entitled to injunctive relief and other remedies under Federal law.

## COUNT II

## UNFAIR COMPETITION

Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth here.

### 37.

Plaintiff, by virtue of his prior adoption and use in interstate

commerce of the "Zoo Pals" Mark in this judicial district, has acquired, established, and owns common law trademark and service mark rights in the "Zoo Pals" Mark, which serve to identify to the public certain goods and services that are offered by Plaintiff alone, and the goods and services offered in connection with the Mark are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, or affiliated with Plaintiff.

**38.**

Defendant has intentionally and unlawfully copied and used the "Zoo Pals" Mark, without authorization, for the calculated purpose of passing off their goods and services as those of Plaintiff, or trading upon the significant goodwill and reputation of Plaintiff, and of deceiving the public as to the true nature and characteristics of Defendant's production, all to Defendant's profit and to the damage and detriment of Plaintiff to be determined at trial.

**39.**

Defendant's past and continued use of the "Zoo Pals" Mark constitutes copying and imitation of the "Zoo Pals" Mark, falsely designates the origin of Defendant's goods and services, and is likely to cause consumer confusion, mistake or deception.

**40.**

Defendant's aforesaid acts constitute unfair competition with Plaintiff in violation of Plaintiff's rights at common law. Such use has also caused Rice irreparable harm, and Rice will continue to be irreparably harmed unless and until defendant's unlawful conduct is enjoined.

## COUNT III

## VIOLATIONS OF 15 USC 1125(a)

Paragraphs 1 through 40 are incorporated herein by reference as though fully set forth here.

**41.**

The unauthorized use of Plaintiff's "Zoo Pals" Mark by Defendant in conjunction with its goods is a deliberate attempt to imitate unlawfully Plaintiff's Mark and brand name, but also an attempt to imply falsely Plaintiff's sponsorship of Defendant's goods. Accordingly, the false, misleading and infringing activities of Defendant's are likely to cause confusion among the general public and in the trade as to the origin or sponsorship of Defendant's infringing goods.

**42.**

Defendant's aforesaid acts constitute a false designation of origin and false representation of goods introduced into interstate commerce, in violation of the Federal Trademark Act of 1946, specifically 15 USC 1125(a).

**43.**

Defendant's wrongful actions constitute unfair competition and are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

**44.**

By virtue of Defendant's violation of 15 U.S.C. 1125(a), Plaintiff is entitled to an award of Defendant's profits, three times actual damages sustained by Plaintiff, and the costs of this action, 15 U.S.C. 1117(a).

**45.**

By virtue of the allegations set forth above, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. 1116 and attorney's fees as provided by 15 U.S.C. 1117(a).

## COUNT IV

## DILUTION

Paragraphs 1 through 45 are incorporated herein by reference as though fully set forth here.

**46.**

Defendant's use of "Zoo Pals" in connection with an activity kit has caused and will continue to cause dilution of the distinctive quality of the Plaintiff's "Zoo Pals" mark.

**47.**

Rice is informed and believes that Defendant used the "Zoo Pals" mark with the willful intent to trade on Rice's reputation and/or to cause dilution of Rice's "Zoo Pals" mark in violation of 15 U.S.C. 1125(c).

**48.**

As a result of Defendant New Image's unlawful and willful dilution of the distinctive quality of Rice's "Zoo Pals" mark, Rice has been damaged in an amount to be determined at trial. Such dilution has also caused Rice irreparable harm, and Rice will continue to be irreparably harmed unless Defendant's New Image unlawful conduct is enjoined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

a.  The defendant New Image be required, pursuant to 15 USC

1117, to account to Rice for all gains, profits, and advantages derived from its unlawful activities, such amount to be trebled pursuant to 15 U.S.C. 1117(a) by virtue of defendant's New Image willful conduct;

b. The defendant New Image pay over to Rice all the profits realized by the defendant from sales of the activity kits under the name "Zoo Pals" or any imitation of Rice's trademark, including but not limited to "Zoo Pals".

c. Rice receives from the defendant New Image all damages sustained by Rice as a result of the infringement by the defendant New Image of Rice's trademark, as provided by
15 USC 1117;

d. For temporary, preliminary and permanent injunctions restraining and enjoining defendant New Image, its officers, agents, servants and employees, and those persons in active concert or participation with it, from using the "Zoo Pals" mark, or any variation thereof, in connection with its activity kits, advertising, operation, and marketing materials.

e. The defendant New Image be required to deliver to Rice, or to such person as the Court may designate, all activity kits, sales flyers, packages, and advertisements in the possession of the defendant, bearing

the mark "Zoo Pals" or any imitation of the mark "Zoo Pals", including "Zoo Pals" for destruction;

 f. Rice have and recover from the defendant New Image treble the damages sustained by Rice, as provided by 15 USC 1117.

 g. Rice receive his costs incurred in this action;

 h. Rice receive such other and further relief as may be just and proper; and

 i. Demand for a jury trial.


DATED this \_19\_ day of January, 2012.


_____
MARK RICE, Pro Se Plaintiff
d/b/a Games To Remember
114 Rockingham Way
Unit 5786
Ellijay, Georgia 30540
(770) 844-5678

## COMPLIANCE CERTIFICATE PURSUANT TO LR 7.1

Pursuant to LR 7.1D, this is to certify that the foregoing PLAINTIFF'S COMPLAINT complies with the font and point selections approved by the Court in LR 5.1C. Undersigned further certifies that this document was prepared using Times New Roman font, 14 point.

This 19 day of January, 2012.

_____
Mark Rice, Pro Se Plaintiff
d/b/a Games To Remember
114 Rockingham Way
Unit 5786
Ellijay, Georgia 30540
(770) 844-5678